People v Williams (2021 NY Slip Op 05467)





People v Williams


2021 NY Slip Op 05467


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Ind No. 1621/09 Appeal No. 14346 Case No. 2020-04465 

[*1]The People of the State of New York, Respondent,
v
Erica Williams, Defendant-Appellant. New York State Coalition Against Domestic Violence, Amicus Curiae.


Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.
Duane Morris LLP, New York (Eric R. Breslin of counsel), for amicus curiae.



Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about November 9, 2020, which denied defendant's CPL 440.47 motion for resentencing under the Domestic Violence Survivors Justice Act (DVSJA) (L 2019, ch 31; L 2019, ch 55, § 1, part WW, § 1), unanimously affirmed.
The court correctly denied defendant's motion for resentencing under the DVSJA because defendant failed to demonstrate that she was a victim of "substantial" abuse "at the time of" the offense (Penal Law § 60.12[1][a]). The evidence was not sufficient to support a finding that the victim's behavior toward defendant rose to the level of substantial psychological abuse. It is also not enough that defendant was indisputably subjected to substantial physical and psychological abuse in the past. Although the DVSJA does not require that the abuse occur simultaneously with the offense or that the abuser be the target of the offense, and applies even in the context of nonviolent and drug offenses, the "at the time of" language must create some requirement of a temporal nexus between the abuse and the offense or else it is meaningless (see Penal Law § 60.12; Matter of Mestecky v City of NY, 30 NY3d 239, 243 [2017]). We find that the temporal limitation proposed by the People — that the abuse or abusive relationship be ongoing — is most consistent with the language of the statute.
Because of our disposition of this issue, we need not reach defendant's arguments with respect to the other prerequisites for resentencing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021